**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL NO. 11-31-DLB-CJS**

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

v.                          **REPORT AND RECOMMENDATION**

**LELAND FRAZER**                                                                                 **DEFENDANT**

* * * * * * * * * *

On March 31, 2016, this matter came before the Court for a Final Revocation Hearing on supervised release violations. The Defendant was present in Court and represented by Steven N. Howe, and the United States was represented by Assistant United States Attorney Elaine Leonhard.[1] The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-11-cr-31-DLB-CJS-003-20160331-150135; the official record of this proceeding was certified by Linda S. Tierney, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, counsel informed the Court that the parties along with the Probation Officer had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to the violations as set forth in the March 23, 2016, Violation Report (R. 265), and in exchange the parties would recommend that his conditions of supervision be modified to include a 30-day period of home detention, using voice recognition technology. In addition, in connection with the current standard

---

[1]Assistant United States Attorney Leonhard stated she was appearing for Assistant United States Attorney Anthony J. Bracke.

condition of supervision requiring Defendant report to the Probation Officer as directed, the Probation Officer will now require Defendant to report in person.

For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be modified** to include, in addition to the standard and special conditions already imposed, a 30-day period of home detention utilizing voice recognition technology as set forth more fully below.

I.  **Procedural Background**

On December 8, 2011, the presiding District Court Judge sentenced Defendant to a 48-month term of imprisonment, followed by 5 years of supervised release, for conspiracy to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1). (R. 186). Defendant's term of supervised release began on December 27, 2013. (R. 265).

On March 23, 2016, the Probation Officer submitted a Petition for Warrant or Summons for Offender Under Supervision, requesting the issuance of a warrant for Defendant's arrest so that he could be brought before the Court on the alleged violations. (R. 257). Defendant was arrested on March 28, 2016, and brought before the undersigned on March 29, 2016, for Initial Appearance on Supervised Release Violations. At that time, the undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable guideline range.[2] The undersigned also explained that while a recommendation of an appropriate sentence will be

---

[2]Here, because Defendant's underlying criminal offense was a Class B felony, the maximum term of incarceration upon revocation of his supervised release is 36 months. 18 U.S.C. § 3583(e). United States Sentencing Guideline § 7B1.1 suggests a revocation range of imprisonment of 6 to 12 months, based upon Defendant's criminal history category of IV and the violations as admitted by him being Grade C violations. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. At the Final Revocation Hearing, the undersigned stated she intended to make the agreed recommendation for modification of Defendant's supervised release to the presiding District Judge, but again explained that it is the presiding District Judge who ultimately makes the final decision on the appropriate disposition. Defendant acknowledged his understanding and stated it was his desire to plead guilty to the violations set forth in the March 23, 2016, Violation Report of the United States Probation Officer. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

>**Violation No. 1**     **The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.**

The Defendant has not submitted a monthly report since December 21, 2015, nor has he reported to the Probation Office in person. Other than a phone call on March 25, 2016, Defendant has not called the Probation Office since the end of 2015.

>**Violation No. 2**     **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment**

On March 15, 2016, the Probation Officer conducted a home visit at the address Defendant had last listed as him residence. There was no answer at the location. The Probation Officer was able to make contact with two other occupants of the building who stated Defendant no longer resided at the apartment. The neighbors told the Probation Officer that Defendant and his girlfriend had vacated the residence two weeks earlier.

3

In addition, the Probation Officer also made contact with Defendant's last reported employer. The employer stated that Defendant was no longer employed at the restaurant. The Probation Officer reported that as of March 23, 2016, he was unaware of Defendant's whereabouts.

Therefore, based on Defendant's plea of guilty to these violations, the undersigned finds and will recommend that the District Judge find that Defendant has violated conditions of his supervised release as charged. Defendant having admitted to violating his supervised release, the question of sentencing is presented.

## II.    Sentencing

The Court is mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). As previously discussed, Defendant, his counsel, the Assistant United States Attorney and the Probation Officer have reached an agreed recommendation of an appropriate punishment for Defendant's violations–that the terms of Defendant's supervised release be modified to include a 30-day period of home detention using voice recognition technology and the Probation Officer will now require in-person reporting for compliance with the standard reporting condition. After considering the violations, the circumstances surrounding these violations, and the positions of the parties, it will be recommended that Defendant's supervised release not be revoked, but that the conditions of his supervised release be modified as set forth below. Defendant has executed a waiver of his right to allocute before the District Court and his right to appeal any sentence imposed by presiding District Judge Bunning to the extent the sentence is consistent with the recommendations herein.

The undersigned being satisfied from dialogue with the Defendant that he understands the nature of the charges currently pending, has had ample opportunity to consult with counsel, and enters his admissions knowingly and voluntarily;

Accordingly, **IT IS RECOMMENDED** as follows:

1.  Defendant **LELAND FRAZER** be found to have **violated** the terms of his supervised release as set out in Violation Nos. 1 and 2 above; and,

2.  Defendant be required to serve the remaining term of his supervised release subject to the standard and special conditions originally imposed by the District Court on December 8, 2011 (R. 186), with the following additional modification:

> Defendant to serve **30-days** of **home detention** utilizing voice recognition technology. While on home detention, Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; or other activities approved in advance by the Probation Officer.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration, Defendant and the United States having waived the period for the filing of objections hereto this Report and Recommendation.

Dated this 4th day of April, 2016.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\11-31-RR modifying sr.wpd