**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL NO. 11-31-DLB-CJS**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**LELAND FRAZER**                                                                                    **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On November 22, 2016, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Leland Frazer had violated conditions of his supervised release. The Defendant was present in Court and represented by Steven N. Howe, and the Government was represented by Assistant United States Attorney (AUSA) Anthony J. Bracke. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-11-cr-31-DLB-CJS-20161122-145452; the official record of this proceeding was certified by Linda S. Tierney, Deputy Clerk.

After taking testimony as discussed below and hearing argument of counsel, the matter was taken under submission by the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). For the reasons that follow, it will be recommended that Defendant be found to have violated conditions of his supervised release, that his supervised release be revoked, and that he be sentenced to a 12-month term of incarceration with a 13-month term of supervised

release to follow, the expiration date of which will coincide approximately with the expiration of the original term of supervision imposed on Defendant.

I.     BACKGROUND

   A.     Procedural History

On December 8, 2011, the presiding District Judge sentenced Defendant to a 48-month term of imprisonment, followed by 5 years of supervised release, for Defendant's conviction of conspiracy to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (R. 186). Defendant's term of supervised release began on December 27, 2013. (R. 265).

On March 31, 2016, Defendant was brought before the Court on allegations he violated the terms of his supervised release by: failing to report to his Probation Officer and failing to notify his Probation Officer prior to his change of residence or employment. (R. 265; R. 266). At that time, counsel informed the Court that the parties, along with the Probation Officer, had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to the violations as set forth in the March 23, 2016, Violation Report (R. 265) and, in exchange, the parties would recommend that his conditions of supervision be modified to include a 30-day period of home detention, using voice recognition technology. (R. 266; R. 267). Finding the agreement appropriate under the circumstances, the undersigned entered a Report and Recommendation consistent with the agreement of the parties. (R. 267). On April 6, 2016, the presiding District Judge, adopting the Report and Recommendation, found Defendant had violated the terms of his Supervised Release and modified his conditions to include the 30-day period of home detention, using voice recognition technology. (*See* R. 268).

2

On October 26, 2016, U.S. Probation Officer (USPO) Tony Gilkey submitted a Petition for Warrant for Offender under Supervision to notify the presiding District Judge that Defendant had not complied with conditions of his supervised release. (R. 271). USPO Gilkey requested a warrant issue for Defendant's arrest for him to be brought before the Court to address why his supervision should not be revoked. (*Id.*). A warrant was subsequently issued.

At Defendant's November 17, 2016, initial appearance, USPO Gilkey presented the Court and counsel with a Violation Report dated October 26, 2016, setting forth two alleged violations of Defendant's conditions of supervision with supporting factual basis. (R. 276). Defendant now stands before the Court charged with violating the following conditions of his supervised release:

**Violation No. 1:** The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer. (Grade C violation).

**Violation No. 2:** The defendant shall notify the probation officer at least ten days prior to any change in residence or employment**.** (Grade C violation).

(*Id.*). At the call of this matter for Final Hearing, Defendant sought a hearing on the two charged violations.

### B. Evidentiary Hearing

#### 1. Testimony

The Government called Defendant's supervising USPO, Tony Gilkey, as its only witness. Officer Gilkey testified that this was Defendant's second appearance before the Court for supervised release revocation proceedings. He testified that Defendant appeared before the Court in Spring of 2016 on violation charges virtually identical to the ones he is now charged with, relating to

3

Defendant's failure to report to U.S. Probation and/or notify Probation of his change in address and employment.

Probation Officer Gilkey testified that under the conditions of Defendant's supervision, he is required to report to the United States Probation Office on a monthly basis and to notify his Probation Officer of any change of residence either as soon as he moves or prior to moving. He testified that on August 9, 2016, he went to Defendant's reported place of employment, Rooster's restaurant in Scott County, Kentucky, to conduct an employment verification. During his visit, he discovered that Defendant was no longer employed at the restaurant. As such, Officer Gilkey went to Defendant's reported address to make contact with Defendant. When he arrived, he was informed by Defendant's girlfriend that Defendant no longer lived at that address and that he was in Bourbon County, Kentucky. Officer Gilkey testified he told Defendant's girlfriend and mother that if they heard from Defendant, instruct him to contact Probation.

Officer Gilkey further testified that he received a phone call from Defendant on August 10, 2016. Officer Gilkey stated that Defendant informed him that he was no longer living at his prior residence in Scott County and was currently homeless. Defendant further told him that he was working in tobacco in Bourbon County, Kentucky. Defendant expressed to USPO Gilkey that he was interested in getting to the Hope Center, a homeless shelter in Lexington, Kentucky, but he did not have transportation to get there. Officer Gilkey explained that he offered to provide Defendant transportation to the Hope Center, but needed to get permission from his chief to use a government vehicle. As such, Officer Gilkey directed Defendant to call him back during Defendant's lunch break that day so that they could arrange a time and place for Officer Gilkey to pick him up. Officer

4

Gilkey related that Defendant never called him back. As a result, on October 26, 2016, Officer Gilkey requested a warrant issue for Defendant's arrest.

On cross examination, Officer Gilkey testified that from April 2016, after his first violations of his supervision, until August 10, 2016, Defendant had been compliant with the conditions of his supervision. Specifically, he had been reporting to the Probation Office in person, his drug screens had been negative, and there had been no indication Defendant was engaging in criminal activity or committing any new offenses.

### 2. Argument of counsel as to the charged violations

AUSA Bracke argued there is undisputed evidence Defendant violated the conditions of his supervised release. In particular, AUSA Bracke stated that Defendant was required to report to his Probation Officer and to notify him of any change in his address and that it is clear from Officer Gilkey's testimony Defendant violated both conditions. AUSA Bracke argued that Defendant did not offer any evidence at the hearing to contradict Officer Gilkey's testimony or rebut the violation charges.

Defense counsel, Attorney Howe, conceded that Defendant has not offered any proof as to the actual violation charges to contradict Officer Gilkey's testimony. Instead, as discussed below, Attorney Howe presented argument as to the appropriate sentence.

### C. Factual Findings

In order to find a violation of supervised release, the Government must prove by a preponderance of the evidence that Defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). The Court accepts the testimony of Probation Officer Gilkey as credible, as he has no reason to be anything but truthful with the Court. Further, Defendant did not offer any

proof at the hearing to contradict Officer Gilkey's testimony. Having considered the testimony and the argument of counsel, the undersigned finds that the Government has proven by a preponderance of the evidence that Defendant violated the conditions of his supervised release, as set forth in Violation Nos. 1 and 2 of the October 26, 2016, Violation Report.

As to Violation No. 1, as discussed above, Probation Officer Gilkey testified that Defendant contacted him via telephone on August 10, 2016, during which conversation Defendant was directed to call Officer Gilkey back that day. Defendant did not follow up with Officer Gilkey that day nor was there any contact thereafter before Officer Gilkey requested a warrant be issued on October 26, 2016. Defendant concedes he did not offer any evidence to rebut Officer Gilkey's testimony as to his failure to report. Accordingly, the Court finds Defendant violated the condition of his release requiring him to report to his probation officer in a manner and frequency directed by the Court or probation officer as set forth in Violation No. 1.

Regarding Violation No. 2, Defendant's failure to notify his probation officer of his change in residence and employment, Officer Gilkey testified that he went to Rooster's restaurant in Scott County, Kentucky to verify Defendant's employment. Upon visiting the restaurant, he learned that Defendant no longer worked there. He then attempted to contact Defendant at the address he had provided Officer Gilkey and discovered that Defendant no longer resided there. When Officer Gilkey spoke with Defendant on the phone on August 10, 2016, Defendant confirmed he was no longer employed at Rooster's and that he did not reside at the address he had provided the Probation Office. Defendant concedes he did not offer any proof to contradict Officer Gilkey's testimony regarding this charged violation. Thus, the Government has met its burden of demonstrating by a

preponderance of the evidence that Defendant violated the condition of his supervised release as set forth in Violation No. 2 of the October 26, 2016, Violation Report.

The Government has met its burden as to both violations, and it will therefore be recommended that the District Judge find Defendant violated the conditions of his release. The only issue remaining is the appropriate sentence to impose for the violations.

**II.    SENTENCING**

    **A.    Legal Standard and Sentencing Guidelines**

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

        5.       The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Here, considering Defendant's underlying criminal offense is a Class B felony, the maximum term of incarceration upon revocation of supervised release is 36 months. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4 of the Sentencing Guidelines suggests a revocation range of imprisonment of 6 to 12 months, based upon Defendant's criminal history category of IV and the most serious violation being that of a Grade C. Defendant may also be placed back on supervised release following any term of imprisonment that is imposed upon revocation. Here, the maximum term of further supervised release under the statute would be 5 years minus any term of imprisonment that is imposed upon revocation. *See* 18 U.S.C. §§ 3583(b), (h).

      **B.**      **Summary of Arguments of Counsel Regarding Sentencing**

Defendant and the Government disagree as to an appropriate sentence for these violations. At the final revocation hearing, AUSA Bracke argued that a sentence of 24-months of imprisonment, with no term of supervision to follow, is appropriate in these circumstances. AUSA Bracke stated that a sentence above the Guidelines range is warranted as this is Defendant's second supervised release violation in this matter for essentially the same conduct—absconding supervision. AUSA Bracke explained that a defendant's failure to report or make himself available to his probation officer is a serious violation of supervision because it robs the probation officer of the ability to

provide Defendant with the assistance needed and poses a danger to the public. AUSA Bracke argued that a sentence of 24-months is appropriate given that the Government was recommending no term of supervised release to follow. AUSA Bracke explained that the Government's recommendation did not include a term of supervision because Defendant has shown through his violations that he is not amenable to supervision. Accordingly, AUSA Bracke argued that a higher term of imprisonment was necessary both to deter other defendants from engaging in similar conduct and to foster Defendant's rehabilitation in this matter.

     Attorney Howe argued that a sentence twice the length of the upper end of the Guidelines range, as recommended by the Government, does not fit the circumstances here. Instead, Attorney Howe argued that either (1) a 6-month term of incarceration followed by an 18-month term of supervised release, or (2) a sentence of 12 months + 1 day with no supervision to follow, would be more appropriate in Defendant's case. Attorney Howe acknowledged that Defendant is now before the Court a second time for failing to report to his Probation Officer and failing to notify his Probation Officer of his change in address and employment. However, Attorney Howe emphasized Officer Gilkey testified there was no indication Defendant had used or possessed any controlled substances or committed any new offenses during his term of supervision. Finally, Attorney Howe highlighted the fact that Defendant was arrested on the warrant in Scott County, Kentucky where he had remained with his family. Attorney Howe argued this demonstrates that Defendant made no attempt to flee the area after his failure to report.

     Finally, USPO Gilkey offered he does not believe Defendant is a good candidate for further supervision. In support, he explained that Defendant's lack of stability in regard to both his residence and employment has been an ongoing issue throughout his term of supervised release.

Officer Gilkey stated that Defendant's inability to secure a stable residence and job inhibits Defendant from being able to successfully participate in supervision.

### C. Discussion

As noted above, the parties differ in their recommendations. The Government recommended a 24-month term of imprisonment with no term of supervision to follow. Defense counsel argued for either a 6-month term of imprisonment followed by an 18-month term of supervised release, or a sentence of 12 months + 1 day with no supervision to follow. Upon consideration of the entire record, including the October 26, 2016, Violation Report, the sentencing materials from the underlying Judgment in this District, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned recommends that Defendant's supervised release be revoked and that he be sentenced to a term of incarceration of 12 months, the maximum Guidelines range, followed by a 13-month term of supervised release, the expiration date of which will coincide approximately with the expiration of the original term of supervision imposed on Defendant.

A 12-month term of imprisonment is appropriate under the circumstances. Although Defendant requests a sentence of 6 months followed by an 18-month term of supervision, a 6-month term of imprisonment is insufficient here. This is Defendant's second violation of his supervision for failing to report to his Probation Officer and failing to notify his Probation Officer of a change in address and employment. When Defendant appeared for his first violations, the Court gave him a substantial break by ordering modification of his supervision to allow for home detention in lieu of revocation and imprisonment. Despite the fact that Defendant did not receive any term of incarceration and was given a second chance on supervision, Defendant is again before the Court for

violations involving the same conduct. Defendant's actions here warrant a sentence higher than six months, even when followed by a term of supervision.

Further, the Court is not willing to consider Defendant's request for a sentence of 12 months + 1 day with no supervision to follow because this would result in Defendant receiving a shorter overall term of supervised release than the one originally imposed. Defendant received a 48-month sentence of imprisonment followed by a 5-year term of supervised release on December 8, 2011. (R. 186). Defendant began his 5-year term of supervision on December 27, 2013, which was set to expire on December 26, 2018. Allowing Defendant to serve 12 months + 1 day, with the potential of good time credit and no supervision to follow, would essentially be rewarding Defendant for the violations of his supervised release. In order to afford adequate punishment for his violations and deter other defendants from engaging in similar conduct, a sentence of 12 months' imprisonment followed by a 13-month term of supervision is appropriate here.

While Probation Officer Gilkey recommended Defendant not receive another term of supervised release and the Government concurred in that recommendation so long as Defendant received an above-Guidelines sentence of imprisonment comparable to the remaining term of supervision, Defendant has requested further supervised release be imposed. Based on this request, the Court will assume that Defendant believes he can benefit from further supervision and is prepared to comply with the conditions of his supervision through his future conduct. As discussed herein, Defendant's violations have been Grade C reporting violations and not new crimes or controlled substance use. At this point, concluding Defendant would not benefit from the structure and responsibility of further supervised release seems premature. If the District Judge adopts this Report and Recommendation, it will constitute Defendant's second violation of his supervised

release and first formal revocation of supervision. If Defendant is brought back before the Court on further violations, he will face more significant consequences and it is likely that his supervision will not end by December 2018. This should serve as an incentive to Defendant to abide by the conditions of his supervision and make himself amenable to his Probation Officer's oversight upon release from his 12-month sentence of imprisonment.

Ultimately, to be successful on supervised release Defendant needs to learn to communicate with this Probation Officer and work towards maintaining a stable residence and job. In order to accomplish this, he must take advantage of the opportunities and support provided him by the U.S. Probation Office. Further violations, particularly those involving failure to report and/or timely notify of any changes in his residence or employment, will be a great disappointment and will not be looked upon favorably by the Court.

### III.  CONCLUSION AND RECOMMENDATIONS

In conclusion, after a thorough review of the testimony presented, Defendant's Presentence Investigation Report, the factual circumstances of the violations, the case record, and argument of counsel,

**IT IS RECOMMENDED** that:

1. Defendant, **Leland Frazer,** be found to have **VIOLATED** the terms of his supervised release as set out in the October 26, 2016, Violation Report;

2. Defendant's supervised release be **REVOKED;**

3. Defendant be sentenced to the custody of the Attorney General for a term of **twelve (12) months of imprisonment, credit to be given for time served since his detention on the**

**charged violations, with a 13-month term of supervised release to follow** on the same standard and special conditions as previously imposed; and

      4.      Defendant having preserved his right to allocute, the Court set the matter for an allocution hearing <u>unless</u> Defendant notifies the Court in writing within **fourteen (14) days** of this Report and Recommendation that he wishes to waive allocution to the District Court prior to sentencing.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated this 31st day of January, 2017.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\11-31 Frazer R&R second SR violation.wpd